kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY J. BURCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 07-3236-JAR |
| ) | |
| DON JORDAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Court now considers pro se plaintiffs' Motion for Determination of Action as a Class (Doc. 11). For the reasons set forth below, plaintiffs' motion is denied.

**Background**

Plaintiffs are involuntary patients at Larned State Hospital in Larned, Kansas who were committed pursuant to the Kansas Sexually Violent Predator Act.[1] Plaintiffs claim that the employees of the Department of Social and Rehabilitation Services have deprived them of their state and federal constitutional rights and that the treatment and care provided is punitive, unconstitutionally inadequate, restrictive and cruel. Plaintiffs bring three claims: (1) defendants have failed to provide the best available treatment in violation plaintiffs' rights, Privileges and Immunities guaranteed by the Fourteenth Amendment and Kansas Bill of Rights; (2) deprivations of plaintiffs' property, liberty and speech in violation of plaintiffs' Due Process rights under the Fourteenth Amendment and the Kansas Bill of Rights; and (3) deprivation of

---

[1] K.S.A. § 59-29a01 et seq.

legal materials in violation of the plaintiffs' rights under the Sixth Amendment and the Kansas Bill of Rights. Plaintiffs seek declaratory and injunctive relief.

Plaintiffs' allegations are quite conclusory even though the complaint covers some thirty pages. They claim that the conditions of the hospital are unacceptable and go so far as to violate their constitutional rights. Plaintiffs allege that the defendants have allowed the hospital to fall well below regulation standards, continue to operate the hospital in violation of statutory and regulatory standards, and as a result, plaintiffs are suffering and living under deplorable conditions. In addition, plaintiffs allege that defendants have refused to provide the educational treatment required by some patients suffering from learning disabilities, that defendants are punishing plaintiffs even though they were not convicted of any crime, and that defendants have deprived plaintiffs of many legal resources to the point where plaintiffs cannot ascertain whether there are enough facts in their complaint.

**Discussion**

"A party seeking to certify a class is required to show 'under a strict burden of proof, that all the requirements of [Fed. R. Civ. P.] 23(a) are clearly met.'"[2] Rule 23(a) requires a party seeking certification as a class to show numerosity, commonality, typicality, an adequacy of representation.[3] Whether to grant certification is within the discretion of this Court.[4] In determining class certification, the Court must weigh "intensely practical considerations, most of

---

[2] *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988).

[3] *Trevizo v. Adams*, 455 F.3d 1155, 1161-62 (10th Cir. 2006). To establish numerosity, plaintiff must show that the class is so numerous as to be impracticable to join. Commonality means that the members must have the same interest at stake and suffer the same injury. Typicality requires the claims and defenses of the class to be typical of the claims for each member of the class. And, adequacy of representation means that the representative parties will fairly and adequately represent the interests of the class. *Id.* at 1161-62.

[4] *Zapata v. IBP, Inc.*, 167 F.R.D. 147, 156 (D. Kan. 1996).

which are purely factual or fact-intensive."[5]

Plaintiffs make no substantial argument that class certification is required, but merely recite the Rule. Defendants, on the other hand, counter that the plaintiffs do not meet the commonality requirement because the plaintiffs do not suffer the same injury. Defendants assert that plaintiffs do not demonstrate that any individual constitutional rights were violated. Moreover, plaintiffs do not meet the adequate representation prong, as the plaintiffs in this case are pro se and cannot adequately represent a class. This Court agrees.

To show that they will adequately and fairly represent the interests of the class, the representative plaintiffs must be able to prosecute the claims thoroughly through qualified counsel and show that there is no conflict between the representative plaintiffs and the class.[6] Due process mandates that the Court "stringently" require competent representation because lay persons generally do not have the legal training to protect the interest of the class, and because the class members may potentially be bound by a judgment they know nothing about.[7] As defendants note, plaintiffs are not represented by counsel. As that is a requirement to protect the rights of the class members, class certification is not appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion for Determination of Action as a Class (Doc. 11) is **DENIED without prejudice**.

**IT IS SO ORDERED**.

---

[5] *Reed*, 849 F.2d at 1309.

[6] *Schrieber v. Nat'l Collegiate Athletic Ass'n*, 167 F.R.D. 169, 175 (D. Kan. 1996) (citation omitted).

[7] *Lile v. Simmons*, 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001); *see also Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (explaining that a plaintiff may bring his own claims without counsel, but cannot represent the claims of others without counsel).

Dated this 19th day of November 2007.

 S/   Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**