# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY BURCH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Case No. 07-3236 |
| v. | ) |
| | ) |
| DON JORDAN, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' Robert Connell, Lee Flamik, Matthew Brous, and Penny Riedel Motion for Leave to File Motion to Dismiss Out of Time (Doc. 147). Plaintiff Timothy Burch opposes the motion (Doc. 151). The Court has reviewed the record and the parties' arguments and is prepared to rule. For the reasons set out below, the Court grants defendants' motion.

**I.     Procedural History**

Plaintiff, along with others, filed this action *pro se* against defendants on September 10, 2007,[1] pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Kansas State Constitution and the United States Constitution. Throughout the course of this case, various motions have been filed and parties have been dismissed, voluntarily and by Court order. A scheduling conference was held on January 27, 2010.[2] Since then, three plaintiffs have

---

[1](Doc. 1).

[2](Doc. 102).

filed motions for voluntary dismissal without prejudice, which the Court granted.[3] Timothy Burch remains the sole plaintiff in this case, and March 3, 2010, filed an Amended Complaint. On March 12, 2010, defendants filed a motion to dismiss,[4] a motion to stay discovery,[5] and a motion for protective order.[6] The Court granted the motion to stay discovery on March 29, 2010 pending resolution of the motion to dismiss,[7] and entered a protective order on May 6, 2010.[8] The motion to dismiss was fully briefed and was taken under advisement on May 7, 2010.[9]

Pursuant to plaintiff's motion for personal service,[10] plaintiff's Amended Complaint was served on Connell, Flamik, Brous, Riedel, and the Office of the Kansas Attorney General on April 5, 2010.[11] These defendants were directed to answer or otherwise respond to plaintiff's Amended Complaint no later than April 26, 2010. The Office of the Attorney General entered an appearance on behalf of these defendants on May 5, 2010.[12] They now seek leave to file a responsive motion to dismiss out of time.[13]

## II. Standard

---

[3] *See* Docs. 109, 112, 123.

[4] (Doc. 125).

[5] (Doc. 127).

[6] (Doc. 128).

[7] (Doc. 132).

[8] (Doc. 148).

[9] (Doc. 149).

[10] (Doc. 129).

[11] *See* Docs. 141–145.

[12] (Doc. 146).

[13] (Doc. 147).

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend the time to file upon a showing of excusable neglect.

> The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.[14]

"The burden is on the movant to establish that the failure to act timely was the result of excusable neglect."[15] To meet this burden, the movant must "demonstrate good faith and . . . show 'some reasonable basis for noncompliance within the time specified.'"[16] Excusable neglect is an elastic concept, "not limited strictly to omissions caused by circumstances beyond the control of the movant."[17] However, "it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."[18]

## III. Discussion

Defendants Connell, Flamik, Brous, and Riedel move this Court for leave to file their motion to dismiss out of time pursuant to Fed. R. Civ. P. 6(b)(1)(B) and D. Kan. Rule 6.1(a).

---

[14] *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234-35 (D. Kan. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)).

[15] *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000) (citing *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973)).

[16] *Id.*

[17] *Coleman*, 487 F. Supp. 2d at 1234.

[18] *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

Defendants note that, although the Office of the Kansas Attorney General was served with process on April 5, 2010, the proof of service he received did not indicate which defendants the service was for. The proof of service for Connell, Flamik, Brous, and Riedel was not filed on the docket sheet until May 5, 2010. On that day, Eric Aufdengarten of the Office of the Kansas Attorney General entered his appearance on their behalf. Defense counsel states that he was contacted by the staff at Larned State Hospital on April 13, 2010, to inform him that the named defendants had been served. However, "[t]he response date was inadvertently not calendared,"[19] and defense counsel was preparing for a jury trial in *McCormick v. Werholtz*, 07-2605-EFM, held April 22 and 23, 2010.

When served with summons and the Amended Complaint, defendants were given until April 26, 2010 to answer. Nine days after the deadline passed, on May 5, 2010, defense counsel moved for leave to file out of time. Defendants state that they are seeking to join the motion to dismiss filed by the other defendants in this action.[20] Plaintiff argues that service was made on these defendants on March 12, 2010, and any "inadvertent" failure to calendar the response deadline is not excusable neglect.

Plaintiff asks the Court, before ruling on defendants' Rule 6 motion for leave, to make some definitive determination as to the exact date these four defendants became parties to the case. Plaintiff argues that these defendants were "automatically substituted" under Fed. R. Civ. P. 25(d) when they assumed the positions of their predecessors. Rule 25(d) applies if a public

---

[19](Doc. 147).

[20]Defendants refer to the pending motion as a "motion for summary judgment." However, the motion they are requesting to join is a motion to dismiss for failure to state a claim under Rule 12(b)(6), alleging, in part, qualified immunity. *See* Doc. 126.

officer is sued in his or her official capacity.  Under the Rule, "[t]he court may order substitution at any time, but the absence of such an order does not affect the substitution."[21]  Because substitution is automatic under this rule, there is no time limit, and Rule 6(b) enlargement of time no longer applies to public-officer substitutions.[22]

Here, neither party has briefed Rule 25(d), nor set out facts showing whether these defendants are being sued personally or in their official capacity.  The record does not show when defendants' predecessors left office or these defendants assumed their positions.  The record indicates only that plaintiff's Amended Complaint, which named these defendants for the first time, was filed on March 3, 2010.  Plaintiff subsequently requested that these defendants be personally serviced with Summons and the Amended Complaint.  Thus, whether their substitution was automatic or not, they were given time to respond to his Amended Complaint.

If Rule 25(d) applies here, as plaintiff argues, substitution of these defendants does not appear to diminish their right to defend on the basis of qualified immunity.  The 1961 Advisory Committee Note to Rule 25(d) provides:

> Automatic substitution under the amended rule, being merely a procedural device for substituting a successor for a past officeholder as a party, is distinct from and does not affect any substantive issues which may be involved in the action.  Thus a defense of immunity from suit will remain in the case despite a substitution.

The Court finds defendants' request to participate in the pending motion to dismiss is justified.  In fact, as plaintiff notes, defense counsel already identified these four defendants in the pending

---

[21]Fed. R. Civ. P. 25(d).

[22]*See* Fed. R. Civ. P. 25(d) Advisory Committee's Note to 1961 Amendment.

motion to dismiss and explained their official roles,[23] thereby reducing the risk of prejudice to plaintiff or delay in the judicial proceedings.

In evaluating the circumstances under Rule 6(b)(1)(B), the Court finds there is no danger of prejudice to plaintiff. His response to the pending motion to dismiss has already been filed. The motion to dismiss did not go under advisement until May 7, 2010, when defendants' reply brief was filed, and the four remaining defendants filed their motion for leave to file out of time on May 5, 2010, before the motion to dismiss went under advisement. Thus, granting leaving for the purpose of allowing defendants to join in the motion to dismiss will not delay judicial proceedings. To whatever extent qualified immunity applies in this case, if at all, the Court finds it is in the interests of judicial economy to decide the matter relating to all defendants at one time. Defense counsel's failure to meet the deadline was not due to a misunderstanding of the rules,[24] but to an inability to identify the defendants he was to represent[25] and a work schedule that placed him in the middle of trial just before the deadline arrived. Finally, defense counsel represents that he attempted to contact plaintiff about the motion multiple times, but was unable to reach him. The Court finds defense counsel's motion is made in good faith and his neglect was excusable.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Robert Connell, Lee Flamik, Matthew Brous, and Penny Riedel Motion for Leave to File Motion to Dismiss Out

---

[23]*See* Doc. 126 at 2–3.

[24]*See United States v. Torres*, 373 F.3d 1159, 1163 (10th Cir. 2004) (holding that "the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.").

[25]Defense counsel's service of summons did not name the defendants.

6

of Time (Doc. 147), is **granted.** Defendants are directed to file their motion to dismiss attached to their Motion for Leave to File Motion to Dismiss Out of Time.

**IT IS SO ORDERED.**

Dated: May 17, 2010

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE